**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Francois Severe, as Personal
Representative of the Estate of                          Case No.
Fritz Severe,
        *Plaintiff*,
v.

CITY OF MIAMI, and
ANTONIO VICENTE TORRES, IV
individually and in his capacity
as a City of Miami Police Officer,
        *Defendants*.
_____/

## COMPLAINT

The Plaintiff, FRANCOIS SEVERE, as Personal Representative of the Estate of

FRITZ SEVERE ("FRITZ SEVERE"), sues the Defendants, the CITY OF MIAMI (the

"City"), and City of Miami Police Officer ANTIONIO VICENTE TORRES, IV ("OFFICER

TORRES")  and alleges:

### Nature of the Case

1.    This lawsuit presents claims for damages for the wrongful death of 46-year-old

      FRITZ SEVERE, brought by FRANCOIS SEVERE, as Personal Representative

      of his Estate, on behalf of the estate and his statutory survivors.

2.    This action alleges violations of civil rights and other state and federal laws which

      resulted in FRITZ SEVERE's death on June 11th, 2015.

3.    This suit asserts that the Defendants acted illegally, improperly, and negligently

      in that the acts and/or omissions of the City, its police department, its police

      officers, and police supervisors created an atmosphere of hostility and

      harassment against citizens, including FRITZ SEVERE.

4.  Further, this lawsuit alleges that on June 11, 2015, Defendant veteran OFFICER TORRES was training a rookie employed by the City of Miami Police Department while doing his job when he unjustifiably and without provocation shot and killed FRITZ SEVERE. Said shooting was illegal, negligent, and improper.

5.  As more particularity alleged herein, Defendant City, its elected officials, police department, and police officers are legally liable for FRITZ SEVERE's death because of their pattern and practice of failing to properly hire, train, supervise, discipline, and/or retrain their police force in a manner consistent with the protections afforded under the Constitution of the United States of America, federal statutes, and Florida law.

6.  This lawsuit asserts that the City Mayor and the City Police Chief were deliberately indifferent in disregarding numerous complaints made by citizens against the police force. In so doing, Defendants failed to establish or execute a reasonable review of policy for the consideration and redress of citizen's complaints against police officers; that such failure resulted in police officers operating on a day-to-day basis without any real concern for internal supervisory review so that "street justice" became commonplace; that this failure resulted in an atmosphere of invulnerability for the members of the police force; and that the City's dereliction of its governmental function all culminated in the shooting of FRITZ SEVERE at 10 a.m. on Thursday morning, June 11th, 2015 inside Gibson Park at Northwest 13th Street and Third Avenue in front of the Culmer/ Overtown branch library in Miami, Florida.

7.  This suit further alleges that FRITZ SEVERE was killed after OFFICER TORRES fired five shots at close range, each hitting FRITZ SEVERE, even though immediately prior to the shooting, Fritz Severe was unarmed, and was not a threat to OFFICER TORRES, himself, or anyone else.

8.  Plaintiff seeks damages against Defendants for violation of FRITZ SEVERE's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America pursuant to 42 U.S.C. §1983, as well as other federal laws. Additionally, Plaintiff asserts state law claims of negligence and wrongful death, as well as demand trial by jury.

## Jurisdiction and Venue

9.  This action for damages is brought to redress violations of federally-protected constitutional rights pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, along with supplemental state-law claims for wrongful death.

10. This Court enjoys jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1343(1), (3), and (4), 2201 and 2202; whereas 28 U.S.C. § 1367(a) grants the Court supplemental jurisdiction over the state-law claims.

11. Furthermore, an additional pendent claim under the laws of the State of Florida for wrongful death is being brought pursuant to Florida Statute §§768.16 – 768.27 (Florida's Wrongful Death Act") and Fla. Stat. § 768.28 (Florida's "Waiver of Sovereign Immunity in Tort Actions").

12. Venue properly lies in the Southern District of Florida because all events giving rise to this action occurred in Miami-Dade County, Florida.

**13.**   Notice of this claim has been provided to the Defendants in accordance with Fla. Stat. §768.28 and Plaintiff has satisfied all conditions precedent to bring this lawsuit.

### The Parties

14.   The Plaintiff, FRANCOIS SEVERE, is and at all times material hereto was an adult resident and citizen of the State of Florida.

15.   FRANCOIS SEVERE is, pursuant to the laws of the State of Florida, the Personal Representative of the Estate of her adult son, Fritz Severe, and is authorized by law to bring this action.

16.   Fritz Severe was, at the time of his death and at all times material hereto, a resident and citizen of the State of Florida.

17.   Fritz Severe died as a result of injuries sustained on or about June 11th, 2015, when he was shot and killed by OFFICER TORRES, a police officer employed by the City.

18.   The Defendant City is a municipality, organized under the laws of the State of Florida, located within Miami-Dade County, Florida, which is responsible through its officers, employees, servants, and agents for enforcing the rules and regulations of the City, and for ensuring that its officers, employees, servants, and agents obey the laws of the United States of America and the State of Florida.

19.   The City at all times material hereto operated the City of Miami Police Department (the "Department").

20.   OFFICER TORRES was, at all times material hereto, a duly appointed police officer of the Department, acting within the course and scope of his employment and/or acting under color of law, employed by the City. The actions of TORRES as alleged herein were taken under the color of law employed by and serving under Defendant City.

## Jury Demand

21.   FRANCOIS SEVERE demands a trial by jury of all issues so triable as of right.

## General Allegations

22.   On or about Sunday, June 11, 2015, at 10:15 am, at the entrance of the Overtown Community Library parking lot located within the City of Miami, TORRES, a police officer employed by the City, unjustifiably and without provocation shot FRITZ SEVERE five times. OFFICER TORRES killed FRITZ SEVERE in front of as many as sixty witnesses, fifty of them being children recently released from summer camp.

23.   Without displaying any sign of aggression or trouble FRITZ SEVERE, a homeless man, carried a metal pipe when OFFICER TORRES opened fire, killing him even though there was no direct, immediate threat to any citizen or police officer.

24.   OFFICER TORRES suddenly, without justification, and without provocation, fired five shots at close range; each shot struck FRITZ SEVERE.

25.   FRITZ SEVERE died from the gunshot wounds inflicted by OFFICER TORRES.

26.     OFFICER TORRES's killing of FRITZ ZEVERE is but one of many in a rash of questionable officer-involved shootings amid an epidemic of botched internal-affairs investigations in the City and Department.

## COUNT I – VIOLATION OF CIVIL RIGHTS UNDER § 1 983 AGAINST THE CITY

27.     Francois Severe re-alleges the allegations of paragraphs 1-34, *supra*, and incorporates them as if stated herein in full.

28.     At all times material hereto, Defendant City, as represented by the acts of its employees, permitted, tolerated and caused a pattern and practice of unjustified, unreasonable, and/or illegal uses of force against members of the public by police officers of the Defendant City. Although such acts were improper, police officers involved were not prosecuted and/or disciplined and/or retrained. In fact, some of said incidents were covered up with official claims that the police officers' acts were justified and proper. As a result, the City's police officers, including OFFICER TORRES, were caused and encouraged to believe that members of the public could be subjected to illegal uses of force and that such illegal uses of force would be permitted by the City.

29.     In the instant matter, OFFICER TORRES acted at all times material hereto under color of law and within the course and scope of his employment as an officer of the Department.

30.     A reasonable officer standing in the shoes of OFFICER TORRES and confronted with the same circumstances would believe that no force—much less deadly force—was necessary in the situation.  Fritz Severe had committed no crime.  He

brandished no weapon and posed no threat to the safety of TORRES, himself, or others.

31.  OFFICER TORRES shot and killed Fritz Severe rather than tasing him or taking more precautionary courses of action.

32.  The City was responsible for following and implementing all relevant laws, rules, regulations, and policies with regard to screening, hiring, retaining, training, supervising, controlling, disciplining, and assigning to duties the officers of the Department.

33.  The City was deliberately, callously, or recklessly indifferent to the rights of individuals, particularly Fritz Severe, in that it instituted a custom or policy of negligently, recklessly, or willfully failing properly to screen, hire, retain, train, supervise, control, discipline, and assign to duties the officers of the Department, notwithstanding the unusually high numbers and frequency of officer-involved shootings.

34.  The Department and the City had a custom and practice of using excessive force, including lethal force when the circumstances called for less-than-lethal force or no force, against individuals such as Fritz Severe.

35.  The Department and the City had a custom and practice of using excessive force, including lethal force when the circumstances called for less-than-lethal force or no force, more frequently than officers in other similarly-sized and similarly-situated cities.

36.  The Department and the City had a custom and practice of using excessive force, including lethal force when the circumstances called for less-than-lethal

force or no force, when alternative means of handling the situation were available.

37.   The Department and the City failed by custom and practice to have any effective policy or procedure to prevent the use of excessive force against individuals such as Fritz Severe.

38.   The City failed to determine whether members of the Department, particularly OFFICER TORRES, posed a threat to the public as a result of their propensity to commit unlawful acts and to engage in violent activity.

39.   The Department and the City acted with deliberate, callous, or reckless indifference to the constitutional rights of Fritz Severe.

40.   The City knew or should have known that its deliberate, callous, or reckless indifference foreseeably would result in injury to members of the public, including Fritz Severe.

41.   In light of the excessive number and frequency of officer-involved shootings, the need for the City to train or retrain officers on the use of force and to investigate and discipline officers involved in unjustified shootings was obvious.

42.   Despite its knowledge of the dangerous propensities of the members of the Department, particularly OFFICER TORRES, the City failed and refused to remove such members of the Department from their positions as police officers, failed and refused to take meaningful disciplinary action against such members of the Department, and failed to provide redress for members of the public, such as Fritz Severe, who have been injured thereby.

43.     The City, through its deliberate, callous, or reckless indifference, failed to ensure that the members of the Department, particularly OFFICER TORRES, while acting within the course and scope of their employment and while acting under color of law, would not violate the constitutional and statutory rights of the public, including Fritz Severe.

44.     The City of Miami Police Department, though its officers, maintained a custom or policy of using excessive force.

45.     The City caused, permitted, and tolerated a pattern and practice of unjustified, unreasonable, unlawful, and excessive use of force against members of the public by officers of the Department, and failed to prosecute, discipline, or train the officers involved, causing and encouraging the members of the Department to believe that individuals could be subjected to the use of excessive force and that the City would permit and protect such use of excessive force.

46.     The above-described conduct represents a pattern and practice by which members of the public were injured or killed by the intentional and/or reckless misconduct of the City's police officers and/or that serious incompetence or misbehavior was widespread throughout the Department.

47.     The City established and maintained a system of reviewing incidents and complaints of abuse of authority, such as, *inter alia*, the excessive use of force by members of the Department, that failed to identify the abuse of authority and use of excessive force as such and failed to subject the officers involved to appropriate supervision, discipline, and training, such that it has become the

custom, policy, pattern, and practice of the City to encourage and tolerate such abuse of authority and use of excessive force.

48.     The City, through the Department, has maintained a longstanding, wide spread history of failing to properly hire, train, supervise, and/or discipline its officers for, *inter alia*, illegal uses of force, even though there has been repeated, widely publicized notice of the unlawful and improper conduct of its employees.

49.     The above referenced acts, omissions, policies, and customs of the City caused its police officers, including Defendant OFFICER TORRES, to believe that such acts of improper uses of force would not be properly monitored by supervisory officers, and would not be properly investigated or sanctioned, but instead would be tolerated. The foreseeable result being that officers, like Defendant OFFICER TORRES, were more likely to use improper or excessive force.

50.     A July 9, 2013 comprehensive report from the United States Department of Justice ("DOJ") Civil Rights Division – in and of itself – confirms the allegations of paragraphs 32-49 above.  In that report the DOJ, conducted a comprehensive review of City police shootings to determine whether it engaged in a pattern or practice of excessive use of deadly force by firearms.

> "Based on our comprehensive review, we find reasonable cause to believe that MPD engages in a pattern or practice of executive use of force with respect to firearm discharges. We arrived at this conclusion based on interviews of relevant witnesses; a careful review of MPD policies; reviews of investigative files in connection with incidents of firearm discharges; and reviews of policies and practices related to internal investigations of uses of deadly force.  Among other findings, our investigation uncovered a number of troubling MPD practices, including deficient tactics and supervision as well as significant delays in substantive deficiencies in deadly force investigations."  (EXHIBIT A)

51.     The actions of the Department and the City violated Fritz Severe's clearly established, well-settled, and constitutionally protected rights to not be deprived of his life, to not be deprived of his liberty without due process of law, and to be free from the use of excessive, unreasonable, and unjustified force against his person.

52.     Fritz Severe was a victim of such abuse of lawful authority and Defendant OFFICER TORRES's illegal acts were the direct result of the above-described acts, omissions, policies, or customs of the City. Furthermore, as a result of the City's and Department's pattern and practice of using excessive force and the rash of unjustified officer-involved homicides, the U.S. Department of Justice has opened an investigation into the City's and Department's use of deadly force, including an investigation into Fritz Severe's death.

53.     As a direct and proximate result of the deprivation of his constitutionally protected rights, Fritz Severe lost his life and incurred damages, including physical pain and suffering and emotional trauma and suffering.

54.     The Plaintiff, FRANCOIS SEVERE, as the Personal Representative of the Estate of Fritz Severe, claims damages for the wrongful death of Fritz Severe, including but not limited to the loss of his income, net accumulations, funeral expenses, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice, as well as physical pain and suffering and emotional trauma and suffering.

**WHEREFORE,** the Plaintiff, FRANCOIS SEVERE, as the Personal Representative of the Estate of FRITZ SEVERE, prays that this Honorable Court enter judgment against the Defendant, CITY OF MIAMI, for violating 42 U.S.C. § 1983, declare the acts of the CITY OF MIAMI violative of Fritz Severe's constitutionally protected rights, award compensatory damages, and award attorney's fees and costs pursuant to 42 U.S.C. § 1988(b), along with any and all other relief the Court deems proper and just.

## COUNT II – VIOLATION OF CIVIL RIGHTS UNDER § 1983 AGAINST TORRES

55.   Francois Severe re-alleges the allegations of paragraphs 1-34, *supra*, and incorporates them as if stated herein in full.

56.   OFFICER TORRES, when he accosted, shot, and killed Fritz Severe, subjected Fritz Severe to the deprivation of clearly established rights, privileges, and immunities secured by the Constitution and laws of the United States, including the right to be free from unreasonable seizure, the right to not be deprived of life and liberty without due process of law, and the right to be free from the use of excessive force against his person.

57.   OFFICER TORRES's conduct was committed with deliberate, callous, or reckless indifference to Fritz Severe's constitutional rights.

58.   Any reasonable officer standing in TORRES's shoes would have known that OFFICER TORRES's conduct foreseeably would result in the deprivation of Fritz Severe's constitutional rights.

59.    Alternative means, other than the use of lethal force, were available to handle the situation.

60.    In OFFICER TORRES's interaction with Fritz Severe, there was at stake no governmental interest: Fritz Severe had committed no crime; Fritz Severe was not a threat to OFFICER TORRES, himself, or others; Fritz Severe was not actively resisting OFFICER TORRES; Fritz Severe made no threatening moves; Fritz Severe was not fleeing.

61.    As a direct and proximate result of the deprivation of his constitutionally protected rights, Fritz Severe lost his life and incurred damages, including physical pain and suffering and emotional trauma and suffering.

62.    The Plaintiff, FRANCOIS SEVERE, as the Personal Representative of the Estate of Fritz Severe, claims damages for the wrongful death of Fritz Severe, including but not limited to the loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice, as well as physical pain and suffering and emotional trauma and suffering.

**WHEREFORE,** the Plaintiff, FRANCOIS SEVERE, as the Personal Representative of the Estate of Fritz Severe, prays that this Honorable Court enter judgment against the Defendant, OFFICER TORRES for violating 42 U.S.C. § 1983, declare the acts of OFFICER TORRES violative of Fritz Severe's constitutionally protected rights, award compensatory damages, award punitive damages, and award attorney's fees and costs pursuant to 42 U.S.C. § 1988(b), along with any and all other relief the Court deems proper and just.

## COUNT III – WRONGFUL DEATH AGAINST THE CITY

63. FRANCOIS SEVERE re-alleges the allegations of paragraphs 1-34, *supra*, and incorporates them as if stated herein in full.

64. This is an action for damages brought pursuant to the Florida Wrongful Death Act, sections 768.28 and 768.16 to .26, Florida Statutes.

65. FRANCOIS SEVERE has been named Personal Representative of Fritz Severe's Estate.

66. The survivors in this wrongful death action are Fritz Severe's father, FRANCOIS SEVERE. Fritz Severe's father has waived all rights to any claim for damages resulting from Fritz Severe's death and all rights to inherit from the Estate, leaving Francois Severe as the sole potential beneficiary of a recovery in this action.

67. At all times material hereto, Defendant OFFICER TORRES was an agent, servant, or employee of the City, acting within the course and scope of his employment.

68. At all times material hereto, Defendant OFFICER TORRES used his firearm with the knowledge, consent, and permission of the City.

69. Police officers have a common-law duty to exercise reasonable care in carrying out their law-enforcement responsibilities.

70. OFFICER TORRES breached that duty by using his firearm in a careless and negligent manner so as to legally, directly, and proximately cause the wrongful death of Fritz Severe.

71.   A reasonable officer standing in OFFICER TORRES's shoes and confronted with the same circumstances would believe that no force—much less deadly force—was necessary in the situation.

72.   Alternative means of handling the situation were available to OFFICER TORRES.

73.   As a direct and proximate result of the OFFICER TORRES's breach of his duty, Fritz Severe was killed.

74.   As a further direct and proximate result of OFFICER TORRES's breach of his duties, Francois Severe suffered damages, including the loss of Francois Severe's support and services, mental pain and suffering, and funeral and burial expenses; the Estate of Fritz Severe suffered the loss of prospective net accumulations.

75.   The City is vicariously liable for the actions and omissions of OFFICER TORRES, who was acting within the course and scope of his employment when he shot and killed Fritz Severe.

**WHEREFORE,** in light of the foregoing, the Plaintiff, FRANCOIS SEVERE, as the Personal Representative of the Estate of Fritz Severe, prays that this Honorable Court enter judgment against the Defendant, CITY OF MIAMI, and award damages for loss of support and services, mental pain and suffering, funeral and burial expenses, and lost prospective net accumulations, along with all other relief the Court deems proper and just.

## COUNT IV – WRONGFUL DEATH AGAINST OFFICER TORRES

76.   FRANCOIS SEVERE re-alleges the allegations of paragraphs 1-34, *supra*, and incorporates them as if stated herein in full.

77.   This is an action for damages brought pursuant to the Florida Wrongful Death Act, sections 768.16 to .26, Florida Statutes.

78.   FRANCOIS SEVERE has been named Personal Representative of Fritz Severe's Estate.

79.   The survivors in this wrongful death action are Fritz Severe's father, FRANCOIS SEVERE.  Fritz Severe's father has waived all rights to any claim for damages resulting from Fritz Severe's death and all rights to inherit from the Estate, leaving FRANCOIS SEVERE as the sole potential beneficiary of a recovery in this action.

80.   Police officers have a common-law duty to exercise reasonable care in carrying out their law-enforcement responsibilities.

81.   OFFICER TORRES breached that duty when he shot Fritz Severe five times.

82.   A reasonable officer standing in OFFICER TORRES's shoes and confronted with the same circumstances would believe that no force—much less deadly force— was necessary in the situation.

83.   Alternative means of handling the situation were available to OFFICER TORRES.

84.   OFFICER TORRES's conduct in interacting with Fritz Severe was committed in a manner exhibiting wanton and willful disregard of human rights and safety.

85.   As a direct and proximate result of OFFICER TORRES's breach of his duty, Fritz Severe was killed.

86.   As a further direct and proximate result of OFFICER TORRES's breach of his duties, FRANCOIS SEVERE suffered damages, including the loss of Fritz Severe's support and services, mental pain and suffering, and funeral and burial expenses; the Estate of Fritz Severe suffered the loss of prospective net accumulations.


   **WHEREFORE,** in light of the foregoing, the Plaintiff, FRANCOIS SEVERE, as the Personal Representative of the Estate of Fritz Severe, prays that this Honorable Court enter judgment against the Defendant, OFFICER TORRES and award damages for loss of support and services, mental pain and suffering, funeral and burial expenses, and lost prospective net accumulations, as well as punitive damages, along with all other relief the Court deems proper and just.



Dated this 8 day of June, 2017.          Respectfully submitted,


                              /s/ Richard J. Diaz
                              Richard J. Diaz, Esq. (F.B.N. 0767697)
                              Richard J. Diaz, P.A.
                              3427 Ponce de Leon Blvd
                              Coral Gables, FL 33434
                              P: (305) 444-7181
                              F: (305) 444-8178