**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Francois Severe, as Personal
Representative of the Estate of                                    Case No. 17-cv-22153-DPG
Fritz Severe,

    *Plaintiff*,

v.

CITY OF MIAMI, and
ANTONIO VICENTE TORRES, IV
individually and in his capacity
as a City of Miami Police Officer,
    *Defendants*.
_____/

**PLAINTIFF'S NOTICE OF INTENT TO RELY ON SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW [D.E. 56]**

Plaintiff, Francois Severe, as Personal Representative of the Estate of Fritz Severe hereby gives notice of his intent to rely on two case decisions in opposition to Defendant Antonio Vicente Torres's ("Torres") qualified immunity affirmative defense on his summary judgment motion.

In *Alexandre v. City of Miami, et al.*, (Case No. 16-23064), this Court considered the summary judgment motions by numerous individual City of Miami police officers, including Javier Ortiz. In *Alexandre,* following the Miami Heat's NBA championship victory, the plaintiff participated in a massive celebration in Downtown Miami and had consumed some alcohol, but it was disputed as to whether he was intoxicated. City of Miami police officers attempted to disburse the crowd and there was some resilience expressed by many members of the celebrating public. Alexandre recorded this activity on his cell phone when defendant Javier Ortiz grabbed him around the neck and threw him to the ground with no prior warning or advise of arrest.

There were conflicting accounts about this altercation. The police contended that Alexandre was resisting arrest, though the police did admit to using an open hand to strike the plaintiff and Alexandre himself alleged that he was kicked, punched and beaten by the officers resulting in a fractured orbital bone, lacerations and contusions.

Primarily because of an unclear factual record and recognizing the low bar for arguable probable cause, the Court found qualified immunity for the individual officers, but only on *their decision to disburse the crowd and arrest the plaintiff*, thus granting summary judgment on the claims for violations of the First Amendment and false arrest. However, with regards to the excessive use of force claims, under the *Scott v. Battle*, 688 F. App.'x 674, 677 (11th Cir. 2017) analysis, this Court found that the use of force was excessive and denied qualified immunity. The Court found that Alexandre's alleged crime was not severe; that even though Alexandre might have been ignoring a disbursal order, it would have been a nonviolent misdemeanor not justifying the use of *any* force. The record did not reflect Alexandre posing an immediate threat to the safety of the officers (or others) and that while Alexander might have been verbally obnoxious, he had no weapon and was not threatening anybody. The court recognized other factual disputes regarding the verbal exchange between the individual officers and Alexandre, but that the force and injuries that resulted therefrom gave rise to a fact dispute on qualified immunity.

The Court then determined whether the constitutional right was clearly established and relying upon *Fils v. City of Aventura*, 647 F.3d 1272, 1288, (11th Cir. 2011), *Priester v. City of Riviera Beach*, 208 F.3d 919 (11th Cit. 2000) and *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002), found that the individual officers were not entitled to qualified immunity. In *Fils*, there was no qualified immunity for officers who tased a man suspected of a misdemeanor who was

neither resisting the officers or attempting to flee. In *Priester*, there was no qualified immunity for an officer who released a police dog on a burglary suspect. In *Lee*, there was no qualified immunity for an officer who pulled the suspect from her car, handcuffed her and slammed her against the car for excessively honking her horn while driving.

In *Alexandre*, as the Court found can and should also find in Severe, the Court applied the "obvious clarity" doctrine where the officers' conduct is plainly, objectively unreasonable, that prior case law is unnecessary to determine that the force used was disproportionate to the crime and actions of the suspect.

On March 14, 2019, the Eleventh Circuit Court of Appeals affirmed U.S. District Court Judge Federico Moreno's denial of the individual officers' motions to dismiss on qualified immunity grounds, in *Sebastian v. Javier Ortiz, et al.*, 2017 U.S. Dist. LEXIS 160744 (S.D. Fla., Sept. 29, 2017). There, a speeding vehicle was pulled over in the City of Miami by officer Grossman who wanted to check the grade of window tints on Sebastian's vehicle. Sebastian complied but refused the officer's request to search inside his vehicle. Sebastian lowered the window so the officer could look inside the vehicle from outside after which Javier Ortiz arrived on the scene. When Sebastian refused Ortiz' request to search the vehicle, Ortiz pulled him out of the car, pressed his face into the hood of his police car and handcuffed him. Sebastian claimed that the cuffs caused him serious nerve damage to and around his wrists. As the officers proceeded to search Sebastian's vehicle, he alerted them that he had a lawful permit to carry a firearm and even told the officers where it was safely stored and encased. Sebastian was charged with reckless display of a firearm and resisting arrest without violence, which charges were later dismissed.

Similar to this district Court's opinion in *Alexandre*, Judge Moreno found that the initial stop was lawful because there was probable cause to believe that Sebastian was speeding. The court denied qualified immunity on the excessive force claim because the amount of force used was not de minimus. The Court also found that Sebastian did not pose a threat to any officer or anyone else; he merely exercised a proper constitutional right to deny the officer's request to search his vehicle. The Eleventh Circuit adhered to several Eleventh Circuit cases where qualified immunity was denied because it fell within "the slender category of cases in which the unlawfulness of the conduct is readily apparent even without clarifying case law".

## CONCLUSION

As stated in Plaintiff's prior response and reiterated herein, when Torres arrived at the park, he learned that the prior claim of aggravated assault was exaggerated (if not entirely created) to satisfy the need of an earlier moment but no longer in play at the time that Torres arrived. Severe was no longer in the immediate area of concern and was peacefully walking into a public library. Although there was no need to intervene, Torres confronted him and ordered him to stop and come towards the officers while pointing their semi-automatic pistols at Severe. Severe was carrying an object clearly not created to be a weapon and which was not manifestly displayed by Severe in a threatening manner against the officers while he was standing 30 feet away from the officers. Despite this, and while Officer Ford was holstering his firearm, Torres shot Severe 4 times in the back and 6 times in the side, causing his death. And then, did not even make an effort to provide comfort and first aid. Torres should not receive qualified immunity.

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via the EM/ECF and served on this 20th day of March, 2019 to counsel for the City of

Miami, Christopher Green at cagreen@miamigov.com ; hjhunnefeld@ci.miami.fl.us ;

buschel@bglaw-pa.com

                                          Respectfully submitted,

                                         __s/ Richard J. Diaz_____
                                         Richard J. Diaz
                                         F.B.N. 0767697
                                         3127 Ponce de León Blvd.
                                         Coral Gables, FL  33134
                                         Telephone: (305) 444-7181
                                         Facsimile: (305) 444-8178