UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-cv-22153-DPG

FRANCOIS SEVERE, as Personal
Representative of the estate of
FRITZ SEVERE,

        Plaintiff,

vs.

CITY OF MIAMI and
ANTONIO VICENTE TORRES, IV,
individually and in his capacity as a City of
Miami police officer,

        Defendants.
_____/

**OFFICER ANTONIO TORRES, IV's ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT[1]**

Defendant Officer Antonio Vicente Torres, IV, hereby answers the second amended complaint [D.E. 103] and states:

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.

---

[1] As reflected in footnote 1 of the Second Amended Complaint, Plaintiff asserts the only amendment from the prior complaint was a claim for punitive damages. However, the prior complaint [D.E. 4] included claims for punitive damages against Defendant Torres.

7. Admit that Officer Torres shot Fritz Severe who later expired. The remaining allegations are denied.

8. Denied.

9. Denied.

10. Admitted that the Court has jurisdiction.

11. Denied.

12. Admitted that venue is proper in the Southern District of Florida.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. A demand for jury trial is not a factual allegation, therefore no response is required.

22. Denied.

23. Denied.

24. Admitted that Officer Torres shot Fritz Severe; the remaining allegations are denied.

25. Admitted.

26. Denied.

**Count I: Section 1983 Claim Against the City of Miami**

27. The allegations of paragraphs 27 through 54 do not pertain to this Defendant, therefore no responses are required.

## Count II: Section 1983 Claim Against Officer Torres

55. The Defendant adopts his responses to the allegations of paragraphs 1 through 26 as though set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## Count III: Wrongful Death Against the City of Miami

63. The allegations of paragraphs 63 through 75 do not pertain to this Defendant, therefore no responses are required.

## Count IV: Wrongful Death Against Officer Torres

76. The Defendant adopts his responses to paragraphs 1 through 26 as though set forth herein.

77. Denied.

78. Without knowledge, therefore denied.

79. Without knowledge, therefore denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

All actions taken by the Defendant were objectively reasonable and in good faith.

### Second Affirmative Defense

Any injury to the decedent was due to and caused by his own unlawful actions under Florida Statute section 776.051(1) in resisting arrest and said actions were the proximate cause of his damages.

### Third Affirmative Defense

Florida Statute section 776.085 bar plaintiff's claims in that the decedent was injured during the commission of a forcible felony, to wit, resisting arrest with violence or aggravated assault on a law enforcement officer, and Defendant is entitled to attorney's fees if he prevails on this defense.  Fla. Stat. § 776.085.

### Fourth Affirmative Defense

Plaintiff failed to state a claim under which relief can be granted under 42 U.S.C. section 1983 for alleged violations of the Fifth Amendment.

### Fifth Affirmative Defense

Plaintiff failed to state a claim under which relief can be granted under 42 U.S.C. section 1983 for alleged violations of the Sixth Amendment.

### Sixth Affirmative Defense

Plaintiff failed to state a claim under which relief can be granted under 42 U.S.C. section 1983 for alleged violations of the Eighth Amendment.

### Seventh Affirmative Defense

Plaintiff failed to state a claim under which relief can be granted under 42 U.S.C. section 1983 for alleged violations of the Fourteenth Amendment.

### Eighth Affirmative Defense

Officer Torres was justified in using force against the decedent because he reasonably believed that such conduct was necessary to defend himself against the decedent's imminent use of unlawful force, and therefore Officer Torres is immune from Plaintiff's wrongful death claim for his use of such force. Fla. Stat. §§ 776.032(1), 776.012, and 768.28(9).

### Ninth Affirmative Defense

Officer Torres is entitled to qualified immunity on Plaintiff's federal claims.

### Tenth Affirmative Defense

Officer Torres is entitled to statutory immunity on Plaintiff's wrongful death claim because he did not act maliciously or in a manner exhibiting wanton and willful disregard of human rights and safety. Fla. Stat. §768.28(9).

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.

> VICTORIA MÉNDEZ, City Attorney
> CHRISTOPHER A. GREEN,
> Senior Assistant City Attorney
> Attorneys for **Defendant Torres**
> 444 S.W. 2nd Avenue, Suite 945
> Miami, FL  33130-1910
> Tel.: (305) 416-1800
> Fax: (305) 416-1801

Email:  cagreen@miamigov.com

By: §/**s/** Christopher Green
    Christopher A. Green
    Florida Bar No. 957917

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /**s/** Christopher Green
    Christopher A. Green
    Assistant City Attorney
    §Florida Bar No. 957917

## SERVICE LIST

**Christopher Green, Esq.**
Assistant City Attorney
*Counsel for Defendant, City of Miami*
City of Miami City Attorney's Office
444 S.W. 2nd Avenue, Suite 945
Miami, Florida 33130
(305) 416-1800 Telephone
(305) 416-1801 Fax
cagreen@miamigov.com
Via notice of electronic filing

**Richard J. Diaz, Esq.**
Richard J. Diaz, P.A.
*Counsel for Plaintiff*
3427 Ponce de Leon Blvd.
Coral Gables, FL  33434
Via notice of electronic filing