UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-cv-22153-DPG

FRANCOIS SEVERE, as Personal
Representative of the estate of
FRITZ SEVERE,

                Plaintiff,

      vs.

CITY OF MIAMI and
ANTONIO VICENTE TORRES, IV,
individually and in his capacity as a City of
Miami police officer,

            Defendants.

_____/

## CITY OF MIAMI'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

The Defendant, CITY OF MIAMI, hereby answers the second amended complaint [D.E. 103] and states:

1.  Denied.

2.  Denied.

3.  Denied.

4.  Denied.

5.  Denied.

6.  Denied.

7.  Admit that Officer Torres shot Fritz Severe who later expired.  The remaining allegations are denied.

8.   Denied.

9.   Denied.

10. Admitted that the Court has jurisdiction.

11. Denied.

12. Admitted that venue is proper in the Southern District of Florida.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. A demand for jury trial is not a factual allegation, therefore no response is required.

22. Denied.

23. Denied.

24. Admitted that Officer Torres shot Fritz Severe; the remaining allegations are denied.

25. Admitted.

26. Denied.

## Count I: Section 1983 Claim Against the City of Miami

27. The City adopts its responses to the allegations of paragraphs 1-26 (not 34 as Plaintiff

    mistakenly alleged) as the set forth herein.

28. Denied.

City's answer to SAC

29. Admitted.

30. Denied.

31. Admitted that Officer Torres shot Fritz Severe believing the force was reasonably necessary under the circumstances.  The remaining allegations are denied

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Admitted that the DOJ sent a letter to the City Mayor and Police Chief dated July 9, 2013.   Denied that the letter confirms the allegations of paragraphs 32-49. Additionally, the City moves to strike the exhibit as the DOJ has affirmatively acknowledged that the letter was not meant to satisfy the requirements of section 803(8) of the Federal Rules of Evidence.

51. Denied.

52. Denied.

53. Denied.

54. Denied

### **Count II: Section 1983 Claim Against Officer Torres**

55. The allegations of paragraphs 55 through 62 do not pertain to the City, therefore no responses are required.

### **Count III: Wrongful Death Against the City of Miami**

63. The City adopts it responses to paragraph 1 through 26 as though stated herein.

64. Denied.

65. Without knowledge, therefore denied.

66. Without knowledge, therefore denied.

67. Admitted.

68. Admitted.

69. Denied.

70. Denied

71. Denied.

72. Denied.

City's answer to SAC

73. Denied.

74. Denied.

75. Plaintiff misstates the City's liability in tort which is codified at section 768.28 of the Florida Statutes, therefore denied.

### Count IV: Wrongful Death Against Officer Torres

76. The allegations of paragraphs 76 through 86 do not pertain to this Defendant, therefore no responses are required.

### AFFIRMATIVE DEFENSE

### First Affirmative Defense

All actions taken by the Defendant were objectively reasonable and in good faith.

### Second Affirmative Defense

Any injury to the decedent was due to and caused by his own unlawful actions under Florida Statute section 776.051(1) in resisting arrest and said actions were the proximate cause of his damages.

### Third Affirmative Defense

Plaintiff's claims are barred by Florida Statute section 776.085 in that the decedent was injured during the commission of a forcible felony, to wit, resisting arrest with violence or aggravated assault on a law enforcement officer, and Defendant is entitled to attorney's fees if it prevails on this defense. Fla. Stat. § 776.085.

### Fourth Affirmative Defense

Plaintiff failed to state a claim under which relief can be granted under 42 U.S.C. section 1983 for alleged violations of the Fifth Amendment.

### Fifth Affirmative Defense

Plaintiff failed to state a claim under which relief can be granted under 42 U.S.C. section 1983 for alleged violations of the Sixth Amendment.

### Sixth Affirmative Defense

Plaintiff failed to state a claim under which relief can be granted under 42 U.S.C. section 1983 for alleged violations of the Eighth Amendment.

### Seventh Affirmative Defense

Plaintiff failed to state a claim under which relief can be granted under 42 U.S.C. section 1983 for alleged violations of the Fourteenth Amendment.

### Eighth Affirmative Defense

The City of Miami, by and through its employees, was justified in using force against the decedent because its officers reasonably believed that such conduct was necessary to defend themselves against the decedent's imminent use of unlawful force, and therefore the City of Miami is immune from Plaintiff's wrongful death claim for its officers' use of such force.  Fla. Stat. §§ 776.032(1), 776.012, and 768.28(9).

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.

> VICTORIA MÉNDEZ, City Attorney
> CHRISTOPHER A. GREEN,
> Senior Assistant City Attorney
> Attorneys for **City of Miami**
> 444 S.W. 2nd Avenue, Suite 945
> Miami, FL  33130-1910
> Tel.: (305) 416-1800
> Fax: (305) 416-1801
> Email:  cagreen@miamigov.com
>
> By: §/s/ *Christopher Green*
> Christopher A. Green
> Florida Bar No. 957917

City's answer to SAC

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on April 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Christopher Green*
Christopher A. Green
Assistant City Attorney
§Florida Bar No. 957917

## <u>SERVICE LIST</u>

**Christopher Green, Esq.**
Assistant City Attorney
*Counsel for Defendant, City of Miami*
City of Miami City Attorney's Office
444 S.W. 2nd Avenue, Suite 945
Miami, Florida 33130
(305) 416-1800 Telephone
(305) 416-1801 Fax
cagreen@miamigov.com
Via notice of electronic filing

**Richard J. Diaz, Esq.**
Richard J. Diaz, P.A.
*Counsel for Plaintiff*
3427 Ponce de Leon Blvd.
Coral Gables, FL  33434
Via notice of electronic filing

City's answer to SAC